UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SEAN CHANCE,

        Plaintiff,

-against-

THE UNITED STATES,

        Defendant.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 17 2007 ★
BROOKLYN OFFICE

Index No. CV 07 2895

COMPLAINT

GLASSER, J.

GOLD, M.J.

Sean Chance, by his Attorneys, Ofodile & Associates, P.C., complaining of the defendant, The Unites States of America, alleges as follows:

### JURISDICTION

1. This action is brought under the Federal Tort Claims Act (FTCA) for negligence of the United States in failing to properly screen inmates leading to Plaintiff being infected with tuberculosis and, after Plaintiff was infected, failing to properly and timely diagnose and treat Plaintiff leading to Plaintiff's prolonged hospitalization and continuing injuries.

### FULFILMENT OF ADMINISTRATIVE REMEDIES

2. Plaintiff timely and properly filed a Notice of Claim with the Department of Justice, Federal Bureau of Prisons, North East Regional Office, located at 2d & Chestnut Street, 7th Floor, Philadelphia, PA 19106, the proper office for filing said Claim, on September 25, 2007. The Claim was received on September 27, 2007 and given Administrative Tort Claim No. TRT-NER-2006-05769.

3. Plaintiff received a Notice of Decision by the Department of Justice dated March 23, 2007 which denied the said Claim (copy attached) and this action is filed within six months of the receipt of the said administrative decision in accordance with the requirements of the FTCA.

## FACTUAL ALLEGATIONS

4. Plaintiff Sean Chance was incarcerated in May of 2003 and started serving sentence time in March of 2004 at M.D.C. in Brooklyn. Initially, upon admission, Mr. Chance was given the required testing and screening for Tuberculosis (TB) or its exposure. As a part of the Bureau of Prisons policy, every inmate was required to be tested for TB before joining the population of inmates.

5. Mr. Chance was negative for TB tests (no induration on TB tests) which meant he had neither Tuberculosis nor exposure to it. While serving time, Mr. Chance got sick, approximately 16 months after incarceration, coughing up blood frequently with severe stomach pains for a while.

6. He was mis-diagnosed as having a stomach virus at the Medical Clinic in M..D.C., Brooklyn, and treated and sent back to the H-Unit. Mr. Chance continued to suffer from chest pain, blood in sputum, significant weight loss for the next 4 months until his repeated complaints to be seen by a doctor was heard.

2

7. On or about April, 2005, Mr. Chance was later correctly diagnosed and transferred to the medical facility at St. Mary's Hospital. He was treated for active TB and had to stay in the Hospital for 2 months, bed bound and chained to bed position 24 hours each day, 7 days a week.

8. Mr. Chance suffered severe weakness and chest pains during his hospitalization and his misery was heightened by the position in shackles that he was left in. As a result of this he developed swelling and pain in both feet and nerve entrapment, also symptoms and signs of Carpel Tunnel Syndrome in left hand (from being cuffed on his left hand and chained to the bed rail for 2 months.)

9. The treatment of TB is still ongoing with prominent side effects to the liver recognized at Saint Mary's Hospital. Mr. Chance continues to have flashbacks of the time when he was coughing up blood and had a constant fear of dying. Mr. Chance now has chronic TB and leaves in fear that any weakening of his immune system may lead to progress of his illness into terminal stage.

10. To treat Mr. Chance's TB, he was given very strong antibiotics which the doctors instructed should be checked regularly for side-effects and discontinued as soon as there was any sign of same.

11. On May 18, 2006, approximately one month after completing his TB treatment and medications, Mr. Chance got sick with diarrhea and frequent headaches. He sought medical treatment at MDC Brooklyn and was diagnosed with food poisoning by the Physician Assistant and given Loperamide to be used after every visit to the bathroom.

12. This medication did not resolve or help the situation and Mr. Chance's belly gradually began to swell and he continued having frequent diarrhea, vomiting and severe pains in the belly.

13. On May 30, 2006, Mr. Chance was finally able to see a Doctor who after seeing him and asking some questions, sent him to Downtown Hospital in Manhattan.

14. At Downtown Hospital, Mr. Chance was admitted and given a colonoscopy which showed that his colon was heavily inflamed due to the usage of very strong antibiotics for a very long time. For 3-4 days, Mr. Chance was not allowed to eat any solid food or even liquids but was on IV only.

15. Mr. Chance was at the hospital for a little over one week before being discharged. Although the treatment given to him improved his condition, he has been advised that the situation may return anytime.

16. The Bureau of Prisons( M.D.C. Brooklyn) was negligent in not properly screening and monitoring inmates which led to an (or some) inmate(s) with Tuberculosis mixing with the general inmate population leading to the spread of the disease to Mr. Chance.

17. The Bureau of Prisons was also negligent in failing to timely diagnose, failing to properly diagnose and treat Mr. Chance's illness which caused it to worsen and cause serious and permanent injuries in addition to causing him unbearable pain and suffering for many months.

18. The May 2006 hospitalization of Mr. Chance was a natural consequence of the Bureau of Prison's earlier negligence in failing to properly segregate and monitor inmates leading to Mr. Chance's infection as well as for failing to properly and timely diagnose and treat the infection.

19. The Bureau of Prisons was also negligent in not allowing Plaintiff so see a doctor between May 18 and May 30, having a physician's assistant diagnose and treat Plaintiff especially in light of his hospitalization and stated need by his doctors that he should be observed and monitored for the side effects of the medication.

20. This delay in treatment and diagnoses caused Plaintiff twelve days of serious pain and suffering and worsened his condition leading to his further hospitalization as well as to more pain and suffering as a result.

21. Mr. Chance has suffered and is still suffering from pain as a result of the negligence of the Bureau of Prisons and has suffered and continues to suffer from serious emotional distress.

## AS FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23. Plaintiff was infected with TB as a result of the United States's negligence in testing, screening, monitoring and housing inmates with TB or latent TB at MDC, which caused him injuries and continues to do so and the United States should have foreseen that the conditions in which inmates were housed would lead to the spread of TB if continuous caution and monitoring was not done.

## AS FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if each paragraph is repeated verbatim herein.

24. After being infected with TB, the United States committed medical malpractice and negligence when it failed to properly and timely diagnose Plaintiff although he was complaining for many months about serious symptoms.

25. Had the United States employed and/or used qualified personnel and/or conducted proper testing, Plaintiff's symptoms would have been correctly and timely diagnosed within a few days of his initial complaint and Plaintiff would have been adequately and promptly treated obviating the need for his long hospitalization, the weakening of his immune system, the damage done to him by the antibiotics which had to be taken for a much longer time because by the time Plaintiff was admitted into the hospital, his health had been totally compromised.

26. The failure to timely diagnose and treat also led to Plaintiff's nerve damage, carpal tunnel syndrome and his re-hospitalization in May 2006 as well as the consequent and continuing injuries.

## AS FOR A THIRD CAUSE OF ACTION

27. Mr. Chance repeats and re-alleges paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28. The United States was negligent in failing to immediately have a doctor see Plaintiff on or about May 18, 2007 especially when he was supposed to be monitored for the side effects of the antibiotics he took for TB, which was known or should have been known to the Defendant, but had physician's assistance treat Plaintiff.

29. Based on Plaintiff's symptoms and history, the United States was negligent and committed medical malpractice by not letting Plaintiff see a doctor until May 30, 2006, causing

him more injuries.

## AS FOR A FOURTH CAUSE OF ACTION

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if each paragraph is repeated and realleged verbatim herein.

31. The doctrine of *res ipsa loquitur* applies to this case as the United States was in charge of the inmates, their testing for TB, the testing and monitoring of inmates with latent TB, the housing of inmates and segregation of those with TB, latent TB and those who may have symptoms suggesting infection with TB, controlled all aspects of inmate life, movement and treatment, and is otherwise in a position to know how Plaintiff got infected with TB, and Plaintiff would not have been infected with TB were it not for negligence on the part of the United States and its officers/agents in performing their non-delegable duty to protect and keep Plaintiff who could not protect or keep himself from contacting TB in the circumstances.

32. Had the United States employed qualified and knowledgeable staff and employed proper procedures, Plaintiff would not have been infected and the United States is the only organization/entity with knowledge of exactly what its negligence was in the circumstances. Plaintiff's infection and injuries is prima facie evidence of that negligence and proof of negligence on the part of the United States.

**WHEREFORE:** Plaintiff prays for judgment against the United States, awarding him:

i. 3 million dollars (3,000,000.00) for past, present and future pains and suffering, past and future loss of enjoyment of life, past and future medical expenses, emotional distress and possible loss of employment opportunities and concomitant loss of income;

ii. costs and disbursements of this suit;

iv. such other remedies that Plaintiff may be shown entitled to;

Dated: Brooklyn, New York
July 17, 2007

OFODILE & ASSOCIATES, P.C.
Attorneys for Sean Chance

By: _____
Anthony C. Ofodile, Esq. (AO-8295)
498 Atlantic Avenue
Brooklyn, New York 11217
718-852-8300